UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Meri-Tex International, Ltd.,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-04-1448 |
| § | |
| **Benchmark Worldwide Transport, Inc.,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This is a suit for damages arising from the loss during shipment of four containers of denim material. Plaintiff Meri-Tex International, Ltd. ("Meri-Tex") asserts claims against Defendant Benchmark Worldwide Transport, Inc. ("Benchmark") for breach of bailee's duties, negligence, and conversion. Meri-Tex also asserts various claims against Defendants S.I.A., Inc. ("SIA") and Concord Forwarding ("Concord"). Benchmark has filed a third party Complaint against SIA; SIA's President, Siamek Salek; Concord; and Concord's President, Cesar E. De La Vega. Concord and De La Vega have filed counterclaims against Benchmark for contribution.[1] Benchmark now moves for summary judgment on all claims against it by Meri-Tex, Concord, and De La Vega. After considering the parties' filings and the applicable law, the Court finds that Benchmark's motion should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Benchmark states that Concord and De La Vega have also asserted breach of contract claims against it. (Def. Benchmark's Mot. for Summ. J. at 6.) Concord and De La Vega's First Amended Answer does not, however, appear to assert a breach of contract claim against Benchmark, and Benchmark's motion for summary judgment does not address the substance of such a claim. The Court accordingly considers only the contribution claim in deciding Benchmark's motion.

I.      BACKGROUND

The undisputed facts are as follows. In 2003, Meri-Tex sold four containers of denim material to SIA. The containers were to be shipped from Hong Kong, where Meri-Tex is located, to Mexico, via the United States. Meri-Tex hired Janco International Freight Ltd. ("Janco") as its agent for delivery of the shipment. Meri-Tex instructed Janco not to release the containers to SIA until SIA produced the original bills of lading for the shipment. The agreement between Meri-Tex and SIA required SIA to pay for the goods as a prerequisite to delivery.

Janco hired Benchmark as a freight forwarder and informed Benchmark of Meri-Tex's requirement that the shipment be released only upon production of the original bills of lading. In March 2003, Janco delivered the containers to Benchmark and notified Benchmark that the bills of lading would arrive soon. Benchmark received documents that purported to be original bills of lading[2] and released the containers to Concord, which claimed to be acting as SIA's agent. Benchmark then notified Janco that the shipment had been delivered, and Janco acknowledged the delivery notification.

When Meri-Tex demanded payment from SIA in July 2003, SIA notified Meri-Tex that the denim had never arrived at its intended destination in Mexico. Meri-Tex contacted Benchmark, which conducted an investigation but was unable to discover the whereabouts of the denim. Meri-Tex then filed suit against Benchmark for breach of bailee's duties, negligence, and conversion. Benchmark in turn filed a third party Complaint against SIA, Salek, Concord, and De La Vega, for fraud, conspiracy,

---

[2] It is unclear precisely when Benchmark received these documents. Benchmark's motion for summary judgment suggests that the documents arrived prior to the release of the shipment (*see* Def. Benchmark's Mot. for Summ. J. at 4), but its Second Amended Answer appears to indicate that it delivered the goods before receiving the bills of lading. (*See* Def. Benchmark's 2d Am. Answer at 8.)

conversion, unjust enrichment, breach of contract, tortious interference with business relations, and contribution. Meri-Tex subsequently amended its Complaint to assert claims directly against SIA and Concord for fraud, conspiracy, conversion, unjust enrichment, and breach of contract. Concord and De La Vega filed counterclaims against Benchmark for contribution and breach of contract.

## II.   ANALYSIS

### A.   Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B.   Meri-Tex's Claims

#### 1.   Negligence and breach of bailee's duties.

Meri-Tex argues, and Benchmark does not dispute, that Benchmark's possession of the containers constituted a bailment. (*See* 1st Am. Compl. at 5; Def. Benchmark's

Mot. for Summ. J. at 8.) "A bailee's common law liability to a bailor for loss or damage to the bailed property is limited to the consequence of the bailee's fault or negligence." *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston 2002, pet. denied).[3]

> The bailor makes a *prima facie* or presumptive case of negligence by proving bailment and return of the goods by the bailee in a damaged condition, or failure to return the goods at all. . . . Once a *prima facie* case is presented and the fact of negligence is presumed, the bailee has the duty to produce evidence of some other cause of loss or injury.

*Id.* at 635.

Here, Benchmark concedes that it accepted the shipment as a bailment and that the goods did not reach their intended destination. Thus, Meri-Tex has clearly established a *prima facie* case of negligence, thereby shifting the burden to Benchmark to produce evidence of an intervening cause. Benchmark accordingly argues that, even if it acted negligently or breached its duties as a bailee, it cannot be held liable for Meri-Tex's damages, because the theft of the denim by a third party constitutes an intervening cause of those damages.

Texas courts have held that a bailee may be liable for damages caused by a subsequent bailee, if the initial bailee was negligent in releasing the bailed goods to the subsequent bailee. In *Berlow v. Sheraton Dallas Corp.*, for instance, the Texas Court of Appeals held a hotel liable for a package lost by the United States Post Office. 629 S.W.2d 818, 821-22 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). The *Berlow* court pointed out that the hotel had accepted delivery of the package in violation of its own standard procedure and its agreement with the former guest to whom the package was addressed, and that it had returned the package to the Post Office without insurance or

---

[3] This diversity suit is governed by Texas substantive law.

postage.  This negligence was held to be a proximate cause of the loss.  Similarly, in *Allright Texas, Inc. v. Simons*, the court held a bailee liable for the theft of a bailed automobile, because the bailee had left the keys in the vehicle.  501 S.W.2d 145, 148 (Tex. Civ. App.—Houston 1973, writ ref'd n.r.e.) (holding that the "failure . . . to maintain safeguards against theft was a want of ordinary care and constituted negligence which proximately resulted in the theft of [the plaintiff's] automobile and personal property").

In both *Berlow* and *Allright*, liability was imposed upon the negligent bailees, notwithstanding the fact that the bailed property was lost or damaged while in the control of third parties.  In this case, Meri-Tex alleges that Benchmark, like the hotel in *Berlow*, violated its contractual obligation; namely, to release the shipment only upon receipt of bills of lading.  It also alleges that, as in both *Berlow* and *Allright*, the bailee here failed to take adequate precautions to ensure that the bailed property was not lost or damaged. As these cases illustrate, Meri-Tex's allegations against Benchmark, if true, are sufficient to support a finding of liability.

Benchmark argues, however, that Janco, on behalf of Meri-Tex, ratified the delivery after the fact by acknowledging Benchmark's delivery notification without objecting to the release of the containers to Concord.  (*See id.* at 9, 13-15.)  Benchmark points to an e-mail message from Janco to Benchmark following Benchmark's delivery of the containers to SIA.  That message reads, in its entirety, "Dear Rhonda.  Tks for your status.  Tks.  Wendy."

"Ratification occurs when a person who knows all the material facts confirms or adopts a prior act that did not then legally bind him and which he could have repudiated."

*Samms v. Autumn Run Cmty. Improvement Ass'n, Inc.*, 23 S.W.3d 398, 403 (Tex. App.—Houston 2000, pet. denied).  "The elements of the affirmative defense . . . are: (1) approval by act, word, or conduct; (2) with full knowledge of the facts of the earlier act; and (3) with the intention of giving validity to the earlier act."  *Id.*  "Ratification may be express or implied, but it must result from acts clearly evidencing an intention to ratify."  *James V. Facciolla, JVF, Inc. v. Linbeck Constr. Corp.*, 968 S.W.2d 435, 440 (Tex. App.—Texarkana 1998, no pet.).  "[T]here can be no ratification without full knowledge of the facts that make the contract voidable."  *Daugherty v. McDonald*, 407 S.W.2d 954, 958 (Tex. Civ. App.—Fort Worth 1966, no writ).

Benchmark argues that Janco's e-mail message supports all three elements of the ratification claim.  Meri-Tex objects that the message is too terse and vague to be construed as "clearly evidencing an intention to ratify."  Meri-Tex is correct.  It is not clear from the message whether Janco knew that Benchmark had released the shipment without receiving the bills of lading or, if so, whether Janco intended to validate that action.  Summary judgment on Meri-Tex's negligence and breach of duty claims is therefore inappropriate at this time.

### 2. Conversion.

In its response to Benchmark's motion for summary judgment, Meri-Tex states that it intends to withdraw its conversion claim.  (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 4 n.2.)  To date, however, that claim has not been withdrawn.  The Supreme Court has held that FED. R. CIV. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"A claim for conversion requires the plaintiff to show (1) title, (2) right to possession, and (3) a demand for return of the property unless the possessor's acts manifest a clear repudiation of the plaintiff's rights." *Schwartz v. Pinnacle Communications*, 944 S.W.2d 427, 432 (Tex. App.—Houston 1997, no pet.). "A conversion defendant must intend to assert some right in the property to be held liable. . . . However, that intent need not be an intent to assert a right of ownership or title; it can be an intent to assert the right of possession." *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 40 (Tex. App.—Dallas 2003, pet. denied). Meri-Tex does not allege, and there is no evidence to suggest, that Benchmark has ever challenged Meri-Tex's ownership or right to possession of the shipment or that Benchmark has asserted any rights of its own with regard to the shipment. Therefore, because Meri-Tex has failed to support an essential element of its conversion claim, Benchmark is entitled to summary judgment on that claim.

    C.    **Concord's and De La Vega's Contribution Claims**

"Contribution is allowed in Texas only among joint tortfeasors." *Pacesetter Pools, Inc. v. Pierce Homes, Inc.*, 86 S.W.3d 827, 831 (Tex. App.—Austin 2002, no pet.). Thus, when all causes of action against a party have been extinguished by an adverse judgment against the party's opponent, the party against which no claims persist cannot be held liable for contribution. *Ohio Med. Prods., Inc. v. Suber*, 758 S.W.2d 870, 872 (Tex. App.—Houston 1988, writ denied). All causes of action against Benchmark have not, however, thus far been extinguished; Meri-Tex's claims of negligence and breach of

bailee's duties are sufficiently supported to survive beyond the summary judgment stage. Therefore, Benchmark may yet be liable for contribution, and summary judgment in its favor against Concord must be denied.

**CONCLUSION**

Because Meri-Tex's conversion claim is unsupported by any evidence in the record, Benchmark's motion for summary judgment is **GRANTED** as to that claim. The motion is **DENIED** with regard to Meri-Tex's negligence and breach of duty claims and Concord's contribution claim.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of November, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**