UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MERI-TEX INTERNATIONAL, LTD.,** § | |
| § | |
| Plaintiff, § | |
| VS. § | |
| § | CIVIL ACTION NO. H-04-1448 |
| **BENCHMARK WORLDWIDE** § | |
| **TRANSPORT, Inc.,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This is a suit for damages arising from the loss during shipment of four containers of denim material. Plaintiff Meri-Tex International, Ltd. ("Meri-Tex") asserts claims against, *inter alia*, Defendant Benchmark Worldwide Transport, Inc. ("Benchmark") for breach of bailee's duties, negligence, and conversion. Meri-Tex now moves for partial summary judgment on the negligence claim. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 64, should be and hereby is **DENIED**.

## I.   BACKGROUND

The undisputed facts are as follows. In 2003, Meri-Tex sold four containers of denim material to SIA. The containers were to be shipped from Hong Kong, where Meri-Tex is located, to Mexico, via the United States. Meri-Tex hired Janco International Freight Ltd. ("Janco") as its agent for delivery of the shipment. Meri-Tex instructed Janco not to release the containers to SIA until SIA produced the original bills of lading for the shipment. The agreement between Meri-Tex and SIA required SIA to pay for the goods as a prerequisite to delivery.

Janco hired Benchmark as a freight forwarder and informed Benchmark of Meri-Tex's requirement that the shipment be released only upon production of the original bills of lading. In March 2003, Janco delivered the containers to Benchmark and notified Benchmark that the bills of lading would arrive soon. Benchmark subsequently received documents that purported to be original bills of lading and released the containers to Concord, which claimed to be acting as SIA's agent. Benchmark then notified Janco that the shipment had been delivered, and Janco acknowledged the delivery notification.

When Meri-Tex demanded payment from SIA in July 2003, SIA notified Meri-Tex that the denim had never arrived at its intended destination in Mexico. Meri-Tex contacted Benchmark, which conducted an investigation but was unable to discover the whereabouts of the denim. Meri-Tex then filed suit against Benchmark for breach of bailee's duties, negligence, and conversion. Benchmark in turn filed a third party Complaint against SIA, Salek, and Concord, for fraud, conspiracy, conversion, unjust enrichment, breach of contract, tortious interference with business relations, and contribution. Meri-Tex subsequently amended its Complaint to assert claims directly against SIA and Concord for fraud, conspiracy, conversion, unjust enrichment, and breach of contract. Concord filed counterclaims against Benchmark for contribution and breach of contract. Meri-Tex now moves for summary judgment on its negligence claim against Benchmark.

## II.     ANALYSIS

### A.     Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a

matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Id.*

### B. Meri-Tex's Claim

Meri-Tex argues, and Benchmark does not dispute, that Benchmark's possession of the containers constituted a bailment.  (*See* 1st Am. Compl. at 5; Def. Benchmark's Mot. for Summ. J. at 8.)  "A bailee's common law liability to a bailor for loss or damage to the bailed property is limited to the consequence of the bailee's fault or negligence." *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston 2002, pet. denied).[1]

> The bailor makes a *prima facie* or presumptive case of negligence by proving bailment and return of the goods by the bailee in a damaged condition, or failure to return the goods at all. . . . Once a *prima facie* case is presented and the fact of negligence is presumed, the bailee has the duty to produce evidence of some other cause of loss or injury.

*Id.* at 635.

Here, Benchmark concedes that it accepted the shipment as a bailment and that the goods did not reach their intended destination.  Thus, Meri-Tex has clearly established

---

[1] This diversity suit is governed by Texas substantive law.

a *prima facie* case of negligence, thereby shifting the burden to Benchmark to produce evidence of an intervening cause. Benchmark argues that the theft of the denim by a third party constitutes such a cause and, in any event, that Benchmark's release of the goods was reasonable (*i.e.*, non-negligent).

Texas courts have held that a bailee may be liable for damages caused by a subsequent bailee, if the initial bailee was negligent in releasing the bailed goods to the subsequent bailee. In *Berlow v. Sheraton Dallas Corp.*, for instance, the Texas Court of Appeals held a hotel liable for a package lost by the United States Post Office. 629 S.W.2d 818, 821-22 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). The *Berlow* court pointed out that the hotel had accepted delivery of the package in violation of its own standard procedure and its agreement with the former guest to whom the package was addressed, and that it had returned the package to the Post Office without insurance or postage. This negligence was held to be a proximate cause of the loss. Similarly, in *Allright Texas, Inc. v. Simons*, the court held a bailee liable for the theft of a bailed automobile, because the bailee had left the keys in the vehicle. 501 S.W.2d 145, 148 (Tex. Civ. App.—Houston 1973, writ ref'd n.r.e.) (holding that the "failure . . . to maintain safeguards against theft was a want of ordinary care and constituted negligence which proximately resulted in the theft of [the plaintiff's] automobile and personal property").

In both *Berlow* and *Allright*, liability was imposed upon the negligent bailees, notwithstanding the fact that the bailed property was lost or damaged while in the control of third parties. In this case, Meri-Tex alleges that Benchmark, like the hotel in *Berlow*, violated its contractual obligation; namely, to release the shipment only upon receipt of

three original bills of lading.  It also alleges that, as in both *Berlow* and *Allright*, the bailee here failed to take adequate precautions to ensure that the bailed property was not lost or damaged.  As these cases illustrate, Benchmark's intervening causation argument, at least as regards the third party who allegedly stole the denim after it left Benchmark's possession, is unavailing.

Benchmark has, however, demonstrated that a genuine issue of material fact remains for trial – namely, the reasonableness of Benchmark's release of the goods to Concord on the basis of what Benchmark allegedly believed to be original bills of lading. If Janco, Concord, SIA, Salek, or any other person or entity presented Benchmark with what Benchmark reasonably believed to be authentic bills of lading, that action could constitute an intervening cause relieving Benchmark of liability.[2]  Because this issue is appropriately resolved by a jury, not by the Court, Meri-Tex's motion for partial summary judgment must be and hereby is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 17th day of April, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[2] Although Meri-Tex cites evidence in the record indicating that a principal of Benchmark admitted that the release of goods was a "mistake," a fair reading of the record demonstrates that the reference to a mistake was made several months after the event, when the mistake had become obvious.