UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MERI-TEX INTERNATIONAL, LTD., | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § CIVIL ACTION NO. H-04-1448 |
| BENCHMARK WORLDWIDE | § |
| TRANSPORT, INC., *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

At the hearing held May 4, 2006 regarding Plaintiff Meri-Tex International, Ltd.'s ("Meri-Tex") motion to abate, and in a written Order issued the same day, this Court announced that, unless Meri-Tex could accomplish reinstatement as a corporate entity under the law of Hong Kong before the scheduled trial date of May 15, 2006, its claims would be dismissed. Meri-Tex has now informed the Court that reinstatement by that date is impossible. Accordingly, all of Meri-Tex's claims are hereby **DISMISSED WITH PREJUDICE**. In addition, and pursuant to the parties' stipulation, all claims by Defendant/Third-Party Plaintiff Benchmark Worldwide Transport, Inc. ("Benchmark") against Defendant/Third-Party Plaintiff Concord Forwarding Inc. ("Concord"), and all claims by Concord against Benchmark, are hereby **DISMISSED WITH PREJUDICE**.

Finally, because all of Meri-Tex's claims against Benchmark have now been dismissed, Benchmark cannot maintain derivative claims against Third-Party Defendants S.I.A., Inc. ("SIA") and Siamak Salek ("Salek"). At the hearing held May 12, 2006, however, Benchmark argued that its claims against SIA and Salek for fees and costs incurred in defending against Meri-Tex's suit should proceed to trial. SIA and Salek

disagreed, contending that FED. R. CIV. P. 14(a), under which Benchmark impleaded them, does not permit the pursuit of third-party claims after dismissal of an original plaintiff's claims.

While SIA's and Salek's position seems to be an unduly circumscribed reading of Rule 14(a), it accurately represents the Fifth Circuit's consistent interpretation of the rule as permitting joinder only of third-party claims that are derivative of a plaintiff's claims:

> Under both Florida and federal rules of civil procedure, a third party defendant may be impleaded only when he "is or may be liable to [the defendant-third party plaintiff] for all or part of the plaintiff's claim against him." FED. R. CIV. P. 14(a); FLA. R. CIV. P. 1.180(a). This permits the use of the procedural device of impleader only when the third party defendant's potential liability is dependent upon the outcome of the main claim, a concept discussed at some length in *United States v. Joe Grasso & Son, Inc.*, 5 Cir. 1967, 380 F.2d 749. There we said:
>
>> [A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does rise out of the same general set of facts as the main claim.
>> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that[,] for impleader to be available[,] the third party defendant must be "*liable secondarily* to the original defendant in the event that the latter is held liable to the plaintiff."

*Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975) (first alteration and emphasis in original).

Benchmark's claims for fees and costs are not directly derivative of Meri-Tex's claims, since SIA's and Salek's liability cannot automatically be established by evidence sufficient to prove Benchmark's liability to Meri-Tex. Accordingly, even had Meri-

Tex's claims survived dismissal, Benchmark could not have sought fees and costs in this proceeding. Benchmark's claims against SIA and Salek are, therefore, **DISMISSED WITH PREJUDICE.**

    **IT IS SO ORDERED.**

    **SIGNED** at Houston, Texas, on this the 15th day of May, 2006.

                                    KEITH P. ELLISON
                                    UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**